IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| FRONTIER INSURANCE<br>COMPANY, a corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL, INC., a<br>corporation; ONEL TUCKER;<br>EVELYN TUCKER,<br><br>    Defendants. | } } } } } } } } } } } } } | CASE NO. CV 99-B-2208-NE |

**MEMORANDUM OPINION**

    This action is before the Court on the Motion for Summary Judgment filed by plaintiff, Frontier Insurance Company ("Frontier"). Jurisdiction is proper based upon 28 U.S.C. § 1332 because: (1) Frontier is a corporate entity established under the laws of New York, with its principal place of business also in that State; (2) defendants are citizens of Alabama; and (3) the amount in controversy exceeds $75,000.00. Frontier alleges that defendants, International, Inc. ("International") and Onel Tucker and Evelyn Tucker (collectively "the Tuckers") are bound contractually to indemnify it for certain liabilities it incurred on two labor and material payment bonds issued by Frontier on behalf of International. Upon consideration of the record, submissions of the parties, oral argument, and the relevant law, the court finds that the Frontier's Motion for Summary Judgment is due to be granted.

**I. FACTS**

    At the request of defendants International and the Tuckers, Frontier issued certain performance, labor, and materials payment bonds on behalf of International with respect to

construction projects within the State of Alabama. (Affidavit of Robert G. Lavitt ("Lavitt Aff.") ¶ 2, Exs. 1, 2.) As an inducement for the issuance of such bonds, defendants executed a General Agreement of Indemnity ("GAI") on July 28, 1993, in favor of Frontier. (*Id.* at ¶ 3, Ex. 3.) In part, the GAI provides that defendants will:

> indemnify and save the Company harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company may pay or incur in consequence of having executed, or procured the execution of, such bonds, . . . including fees of attorneys, . . . and the expense . . . in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement.

(GAI, ¶ 2, attached as Ex. 3 to Lavitt Aff.)

The GAI also provides that:

> In the event of payment by the Company, the Indemnitors agree to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of the Indemnitor's [sic] liability therefore to the Company.

*Id.*

Under the terms of the GAI, defendants have further agreed that:

> The Company shall have the exclusive right to determine for itself and the Indemnitors whether any claim or suit brought against the Company or the Principal upon any such bond shall be settled or defended and its decision shall be binding and conclusive upon the Indemnitors.

*Id.* at ¶ 5.

International did not pay various claimants for labor and materials furnished on the projects bonded by Frontier. (Lavitt Aff. ¶ 4.) As a result, Frontier, as surety, received claims under the labor and materials payment bonds, (*id.*), which Frontier determined had true merit,

(Affidavit of Laura Mahler ("Mahler Aff.") ¶¶ 3-5). As a consequence, Frontier paid claims and incurred expenses totaling $122,913.46, (Lavitt Aff. ¶ 4, Exs. 4, 5), which it now seeks to recover from defendants.

## II. DISCUSSION

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

B.        **Obligations of Sureties and Principals Pursuant to Indemnity Contracts**

Frontier argues that because it made payments in good faith pursuant to bonds it issued on behalf of International, defendants must indemnify it for those payments, plus interest, expenses, and attorney's fees, pursuant to the terms of the GAI and the law. The scant Alabama law that exists on the subject suggests that under a valid indemnity agreement, a surety is entitled to reimbursement from a principal for claims made pursuant to the agreement. *See Doster v. Continental Cas. Co.*, 105 So.2d 83, 85-86 (1958) (holding that under a contract's indemnity provision, a surety need not actually pay a claim prior to seeking indemnification from the principal). Indeed, the rule in most jurisdictions is that "[a] surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed." *Employers Ins. of Wausau v. Able Green, Inc.*, 749 F.Supp. 1100, 1103 (S.D. Fla. 1990); *see also Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 363 (6th Cir. 1968) ("the purpose of clauses in indemnity agreements of this type [granting the surety the right to settle claims in good faith] is to facilitate the handling of settlements by sureties and obviate unnecessary and costly litigation"); *Engbrock v. Federal Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967) (explaining that indemnity provisions "are not against public policy"). Consequently, most courts addressing the issue have sustained and upheld indemnity agreements similar to the one at issue in this case. *See Fidelity and Deposit Co. of Md. v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160, 1163 (4th Cir. 1983) (collecting cases). "The only exception . . . arises when the payment has been made 'through fraud or lack of good faith' on the part of the surety . . . ." *Id.* (quoting *Engbrock*, 370 F.2d at 786.)

In addition to rights created under valid indemnity agreements, Alabama has enacted legislation providing for the indemnification of a surety for all liabilities occasioned by the default its principal. The Alabama Code provides, in relevant part, that:

> Payment by a surety . . . of a debt past due entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal.

Ala. Code § 8-3-5 (1975). Thus, based on both contractual and statutory rights, where a surety has sufficiently demonstrated that it has made payments on bonds issued on behalf of its principal, the surety may recover those payments, interest, and expenses, including attorney's fees, as a matter of law.

C.  **Good Faith**

In response to Frontier's Motion for Summary Judgment, defendants contend that plaintiff did not pay the claims in good faith. As noted, indemnitors can defeat a surety's right to recover under indemnity provisions by demonstrating either fraud or lack of good faith on the part of the surety in discharging its obligations under the bond. *Fidelity and Deposit Co. of Md.*, 722 F.2d at 1163.[1] In the suretyship context, lack of good faith "carries an implication of a dishonest purpose, a conscious doing of wrong, a breach of a duty through motives of self-interest or ill will." *Elmore v. Morrison Assurance Co.*, 502 So.2d 378, 380 n.1 (Ala. 1987); *see also United States Fidelity & Guar. Co. v. Feibus*, 15 F.Supp.2d 579, 585 (M.D. Pa. 1998). Moreover, "a lack of diligence or negligence is not the equivalent of bad faith, indeed even gross

---

[1] In this case, defendants have not pleaded or attempt to prove fraud on the part of Frontier. Thus, the court's inquiry will focus on defendant's contention of bad faith on the part of plaintiff.

negligence cannot support a finding of bad faith." *Feibus*, 15 F.Supp. 2d at 585; *see also Engbrock*, 379 F.2d at 787; *Able Green, Inc.*, 749 F.Supp. at 1103; *Safeco Ins. Co. of America v. Criterion Inv. Corp.*, 732 F.Supp. 834, 841 (E.D. Tenn. 1989). "Conclusory allegations of bad faith are insufficient to defeat a motion for summary judgment in favor of a surety to enforce an indemnification agreement." *General Accident Ins. Co. of America v. Merritt-Meridian Const. Corp.*, 975 F.Supp. 511, 518 (S.D.N.Y. 1997).

Defendants contend that Frontier overpaid three claims in the aggregate amount of $38,651.76. (Affidavit of Onel Tucker ("Tucker Aff.") ¶ 3, attached as Ex. A to Def.'s Mem. Brief in Opp. to Pl.'s Mot. for Summ. J. ("Def.'s Opp. Brief").)[2] Defendants also contend that the disputed claims were paid by Frontier "without due investigation and determination of the validity of the claims." *Id.* at ¶ 6. For several reasons, the court disagrees.

First, the undisputed evidence shows that Frontier investigated the claims and decided in good faith to pay or settle the same. (Lavitt Aff. ¶ 4; Mahler Aff. ¶¶ 3-5.) Under the GAI, absent a showing of a lack of good faith, Frontier's decision relative to such claims is "binding and conclusive" upon the indemnitors. (Lavitt Aff. ¶ 4, Ex. 3 ¶ 5; Mahler Aff., ¶ 6.) Although defendants contend that Frontier made payments in "bad faith," there is no evidence that Frontier made payments based on improper motive or purpose. *Elmore*, 502 So.2d at 380 n.1. Thus, defendants have failed to raise a genuine issue of material fact that Frontier acted in bad faith in making any payments under the bonds.

---

[2]The alleged overpayments were to Harold Nave Company, Allied Mechanical and MAB Paints. (Tucker Aff. ¶ 4.) Defendants have not challenged Frontier's payments to the other four payment bond claimants.

Second, the law is clear that alleged overpayment or negligent investigation of claims does not constitute bad faith in the suretyship context. In *Feibus*, the court rejected the indemnitors' claims that the surety acted in "bad faith" by making excessive payments and failing to investigate the claims. 15 F. Supp.2d at 585-87. The court emphasized that gross negligence, bad judgment and alleged excessive payments by the surety does not rise to the level of bad faith. *Id.* at 586; *see also Engbrock*, 370 F.2d at 785-87 (5th Cir. 1967) (allegations that surety made excessive payments at most alleges negligence); *Fireman's Fund Ins. Co. v. Nizdil*, 709 F. Supp. 975, 976-77 (D. Ore. 1989) (allegation that surety overpaid claim did not raise issue of material fact necessary to defeat summary judgment). Thus, assuming that defendants' allegations of overpayment and negligence were true, such actions do constitute bad faith for purposes of indemnity contracts.

Third, to the extent defendants allege that overpayments are evidence that they were not actually liable for the claims, such actual liability is not a prerequisite to a surety's right to reimbursement. *See Doster*, 105 So.2d at 85-86 (holding that under a contract's indemnity provision, a surety need not actually pay a claim prior to seeking indemnification from the principal); *see also Fidelity and Deposit Co. of Md.*, 722 F.2d at 1163 (holding that where an express indemnification agreement exists, a principal need not be liable for the debt in order for a right of indemnification to exist in favor of a surety); *Feibus*, 15 F. Supp.2d at 583 (rejecting indemnitors' arguments that there must be actual liability under the bonds before the surety may recover from the indemnitors); *General Accident Ins. Co. of America*, 975 F. Supp. at 516 (summary judgment granted in favor of surety even though indemnitors disputed liability); *Able Green, Inc.*, 749 F. Supp. at 1103 (same).

Based on these reasons, the court finds that there is no genuine issue of material fact and summary judgment is due to be granted in favor of plaintiff. The undisputed evidence shows that plaintiff is entitled to recover $122,913.46 from defendants.[3] In addition, plaintiff is entitled to receive interest on the principal amount of $122,913.46, computed at the rate of six percent (6%) per annum simple interest, from the date of the respective payments by Frontier until the date of judgment, *see* Ala. Code. §§ 8-8-2, 8-8-8 (1975), and at the legal rate of interest thereafter.

---

[3]Defendants contend that International is due a credit in the amount of $25,817.81 based upon Frontier's receipt of a check from the Department of Army equal to the amount of the remaining contract funds on one of the bonded projects. (Tucker Aff. ¶ 5.) However, because International conditioned the negotiation of this check upon Frontier's agreeing not to file suit against International and its willingness to accept monthly payments, (*see* Tucker Aff, Ex. C), Frontier never negotiated this check, (Mahler Aff. ¶ 3). Accordingly, defendants are not entitled to any credit or offset against Frontier's loss incurred under the bonds issued on International's behalf.

There is a discrepancy in the evidence submitted by Frontier to support the amount it claims it paid pursuant to the bonds. In his affidavit, Robert Lavitt, Frontier's Assistant Counsel, (Lavitt Aff. ¶ 1), states that the amount paid totals $122,913.46, (*id.* at ¶ 4). A statement from Frontier's computer system supports Lavitt's contention. (*Id.* at Ex. 4.) However, checks by which Frontier made these payments total $121,945.39, (*id.* at Ex. 5), a difference of $968.07. The GAI provides that "the Indemnitors agree to accept the voucher *or other evidence* of such payment as prima facie evidence of . . . the Indemnitor's [sic] liability . . . ." (*Id.* at Ex. 3 ¶ 2) (emphasis added.) The court is of the opinion that Lavitt's affidavit and the attached statement from Frontier's computer system constitutes such evidence, despite the minor discrepancy posed by the attached checks.

## III. CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff Frontier Insurance Company is entitled to judgment as a matter of law. An Order granting defendant's motion for summary judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 6th day of September, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge